HEATHER E. WILLIAMS, Bar #122664
Federal Defender
ERIC V. KERSTEN, Bar #226429
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
JERRID NIKOLAS KUNKEL

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JERRID NIKOLAS KUNKEL ,<br><br>Defendant. | Case No. 1:19-cr-00029 DAD-BAM<br><br>STIPULATION TO CONTINUE TRIAL; ORDER<br><br>Date: May 11, 2021<br>Time: 8:30 a.m.<br>Judge: Dale A. Drozd |

**IT IS HEREBY STIPULATED**, by and between the parties, through their respective counsel, Assistant United States Attorney Brian W. Enos, counsel for plaintiff, and Assistant Federal Defender Eric V. Kersten, counsel for defendant Jerrid Kunkel, that, that the trial scheduled for December 8, 2020, before the Honorable Dale A. Drozd, may be continued to May 11, 2021, at 8:30 AM. It is further stipulated that the trial confirmation hearing scheduled for November 16, 2020 may be continued to April 26, 2021, at 10:00AM.

On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19. On May 13, 2020, this Court issued General Order 618, which superseded General Order 617 and extended the

court's "judicial emergency for an additional one-year period and suspending the time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. Zedner v. United States, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). Id. at 507. Moreover, any such failure cannot be harmless. Id. at 509; see also United States v. Ramirez-Cortez, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which Zedner emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id.

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. Furlow v. United States, 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. Id. at 767-68; see also United States v. Correa, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing Furlow to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit much more enduring,

barrier to the prompt proceedings mandated by the statutory rules. In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).

The parties are engaged in plea negotiations and believe an agreement may be reached that will eliminate the need for trial. However, if this matter is not resolved, defense counsel will need additional time to prepare for trial as complications resulting from the coronavirus and lockdown have complicated investigation of the case by making it more difficult to contact potential witnesses, more difficult to interact with experts, and more difficult for counsel to communicate with Mr. Kunkel. In addition, if this matter proceeds to trial Mr. Kunkel desires an in-person jury trial, and it appears unlikely such trials will resume by December 8, 2020. Further, even if such trials resume by December 8, the defense would be reluctant to participate absent evidence of their safety, as Mr. Kunkel and defense counsel are both members of vulnerable population groups.

Based on the foregoing the parties agree that any delay resulting from this request shall be excluded in the interest of justice, for effective defense investigation and preparation, and for continuity of counsel, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

Date: October 7. 2020

*/s/ Brian W. Enos*
BRIAN W. ENOS
Assistant United States Attorney
Attorney for Plaintiff

///

///

HEATHER E. WILLIAMS
Federal Defender

Date: October 7, 2020

*/s/ Eric V. Kersten*
ERIC V. KERSTEN
Assistant Federal Defender
Attorney for Defendant
JERRID NIKOLAS KUNKEL

**ORDER**

It is so ordered. Pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) the Court finds that the ends of justice served by granting this continuance, requested by the parties, outweighs the interest of the public and the defendant in a speedy trial, and the trial date for Jerrid Nikolas Kunkel is continued to May 11, 2021 at 8:30 am; and the trial confirmation hearing is continued to April 26, 2021 at 10:00 am . Time is excluded through May 11, 2021.

IT IS SO ORDERED.

Dated: **October 7, 2020**

Dale A. Drozd
UNITED STATES DISTRICT JUDGE