PHILLIP A. TALBERT
Acting United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERRID NIKOLAS KUNKEL,<br><br>Defendant. | Case No: 1:19-cr-00029 DAD BAM<br><br>**STIPULATION TO RESET: (1) TRIAL CONFIRMATION HEARING TO JANUARY 24, 2022 AND (2) TRIAL DATE TO FEBRUARY 8, 2022; ORDER**<br><br>Ctrm:   5<br><br>Hon. Dale A. Drozd |

THE PARTIES HEREBY STIPULATE, through their respective counsel, Assistant United States Attorney, Brian W. Enos, on behalf of the government, and Assistant Federal Defender, Eric V. Kersten, on behalf of defendant, that this action's trial date (previously set for May 11, 2021 and vacated by the court pursuant to its minute order of January 27, 2021 (Docs. 22 and 23)) be reset for Tuesday, February 8, 2022, at 8:30 a.m.  The parties further stipulate that this action's trial confirmation hearing be reset to Monday, January 24, 2022, at 9:00 a.m.  The parties likewise ask the court to endorse this stipulation by way of formal order.

///

1

On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.  On May 13, 2020, this Court issued General Order 618, which superseded General Order 617 and extended the court's "judicial emergency for an additional one-year period and suspending the time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

2

following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit much more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties base this stipulation on good cause. Specifically,

1. On February 21, 2019, the grand jury returned a two-count indictment against defendant, alleging separate counts of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Doc. 1. October 7, 2020, the court set this matter's trial to take place on May 11, 2021. Doc. 22. On January 27, 2021, the court issued a minute order vacating the May 11, 2021 trial date, and converting the April 26, 2021 trial confirmation hearing to a trial setting hearing. Doc. 23. Within this same order, the court also advised the parties that, should they agree to a new trial date and file a stipulation asking the court to set this new trial date by April 19, 2021, then the court would set the new trial date in response to the stipulation and take the trial setting off calendar. Doc. 23.

2. The parties have since met and conferred about a new trial date, and cleared this date with chambers. In light of these efforts, they ask the court to endorse their stipulation to set: (1) a new trial confirmation hearing for Monday, January 24, 2022, at 9:00 a.m.; and (2) a new trial date for Tuesday, February 11, 2022, at 8:30 a.m.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

3

3. The parties continue to be engaged in plea negotiations, and believe an agreement may be reached that will eliminate the need for trial.  If this matter is not resolved, however, defense counsel will need additional time to prepare for trial as complications arising from the coronavirus and attendant lockdown have complicated investigation of the case by making it more difficult to contact potential witnesses, interact with experts, and communicate with Mr. Kunkel.  In addition, if this matter proceeds to trial, Mr. Kunkel desires an in-person jury trial, and it appears unlikely such trials will resume prior to summer of 2021.  Further, even if such trials resume by this time, the defense would be reluctant to participate absent evidence of their safety, as Mr. Kunkel and defense counsel are both members of vulnerable population groups.

4. The parties therefore stipulate that the period of time from May 11, 2021 through February 8, 2022 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  March 23, 2021　　　　　　　　　　　PHILLIP A. TALBERT
　　　　　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　　　By:  /s/ Brian W. Enos
　　　　　　　　　　　　　　　　　　　　　　Brian W. Enos
　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney


　　　　　　　　　　　　　　　　　　　　　　(*As authorized 3/23/21*)

Dated: March 23, 2021　　　　　　　　　By:  /s/ Eric V. Kersten
　　　　　　　　　　　　　　　　　　　　　　Eric V. Kersten, Esq.
　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　Jerrid Nikolas Kunkel

**O R D E R**

IT IS ORDERED that trial is set for Tuesday, February 8, 2022, at 8:30 a.m., and the trial confirmation hearing is set for Monday, January 24, 2022, at 10:00 a.m.

IT IS FURTHER ORDERED THAT the period of time from May 11, 2021 through February 8, 2022, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **March 24, 2021**                    /s/ Dale A. Drozd
                                               UNITED STATES DISTRICT JUDGE