PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JERRID NIKOLAS KUNKEL,<br><br>    Defendant. | Case No: 1:19-cr-000029 ADA<br><br>**MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**<br><br>Date:   TBD<br>Time:   TBD<br>Ctrm:   1<br><br>Hon. Ana de Alba |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through Phillip A. Talbert, United States Attorney for the Eastern District of California, and Assistant United States Attorney Brian W. Enos, has agreed with defendant JERRID NIKOLAS KUNKEL ("defendant"), and his attorney, Eric V. Kersten, Esq., as set forth below.  This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.

///

///

1

1. Charges.

The defendant acknowledges that he has been charged in a two-count Indictment as follows:

Receipt and Distribution of Material Involving the Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(2) (Counts One and Two).

2. Nature, Elements and Possible Defenses.

The defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crime charged in Count One of the Indictment to which he is pleading guilty, together with the possible defenses thereto, and he has discussed them with his attorney.

The elements of the crime of Receipt and Distribution of Material Involving the Sexual Exploitation of Minors, as alleged in Count One of the indictment, are as follows:

| | |
|---|---|
| First, | the defendant knowingly received and distributed; |
| Second, | any visual depiction that had been produced using materials that were mailed, shipped, or transported in interstate or foreign commerce, or alternatively had itself travelled through interstate or foreign commerce; |
| Third, | by any means, including by computer; |
| Fourth, | the producing of such visual depiction(s) involved the use of a minor engaging in sexually explicit conduct; and |
| Fifth, | the visual depiction was of such conduct. |

3. Agreements by the Defendant.

(a) Defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges him with Receipt and Distribution of Material Involving the Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(2).

(c) The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not

exceed the statutory maximum for the offense to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution or order of forfeiture the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

(d) The defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(e) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorney's fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(f) The defendant agrees that the sentencing court will consult the applicable United States Sentencing Commissions Guidelines ("USSG"), as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220, 125 S.Ct. 738

3

1  (2005), and must take them into account when determining a reasonable sentence in light of the factors
2  set forth in 18 U.S.C. § 3553(a). Defendant understands that the Court will determine a non-binding and
3  advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant
4  agrees not to move for any downward adjustments in his offense level under Chapters Two, Three, Four
5  and/or Five of the United States Sentencing Guidelines. The defendant understands and agrees that this
6  agreement by him includes, without limitation, not moving for a reduced offense level, criminal history
7  category or criminal history points as defined by the Sentencing Guidelines. The defendant or the
8  government may move, however, for a variance of defendant's agreed guideline range under the factors
9  set forth in Section 3553 of Title 18 of the United States Code. More specifically, the defendant agrees
10 that the parties may request that the court apply the sentencing factors under Section 3553 to arrive at a
11 sentence different than that called for under the Sentencing Guidelines. Outside of a request for
12 variance based on Section 3553, the defendant acknowledges that, if the defendant requests or suggests
13 in any manner a different sentence than what is called for under the Sentencing Guidelines, the
14 Government, at its sole discretion, may withdraw from this plea agreement and continue with its
15 prosecution of the defendant as if the parties had not entered into this Plea Agreement.
16      (g)    Defendant agrees that, pursuant to the 2018 edition of the United States Sentencing
17 Guidelines, his conduct is governed by USSG Section 2G2.2, and that the base offense level for his
18 crime is twenty-two (22) under USSG § 2G2.2(a)(2); plus two (2) levels for receiving and distributing
19 sexually explicit images of prepubescent minors and/or children under twelve (12) years of age
20 (§2G2.2(b)(2)); plus two (2) levels because the defendant knowingly engaged in distribution
21 (§ 2G2.2(b)(3)(F)); plus four (4) levels for receiving and distributing sexually explicit images of minors
22 that involve the portrayal of sadistic, masochistic or other depictions of violence (§2G2.2(b)(4)); plus
23 two (2) levels because the offense involved the use of a computer (§ 2G2.2(b)(6)); plus five (5) levels
24 for receiving and distributing 600 or more images (§ 2G2.2(b)(7)(D), for an aggregate offense level of
25 thirty-seven (37).
26 ///
27 ///
28

1  (h) The defendant agrees that his total adjusted offense level, after reduction of three (3) levels for acceptance of responsibility, will be thirty-four (34). ~~Defendant agrees that this applicable guidelines range is reasonable in light of the above Sentencing Guide~~lines. JK EIC

(i) The defendant agrees to a term of supervised release of one hundred-twenty (120) months.

(j) If the defendant's conviction on the count to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right (1) to prosecute the defendant on the count[s] to which he pleaded guilty, (2) to reinstate any counts that may be dismissed under this agreement, and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(k) Defendant agrees that his conduct is governed by mandatory restitution pursuant to the parameters set forth under 18 U.S.C. § 2259, United States v. Paroline, 134 S.Ct. 1710 (2014), and United States v. Galan, 804 F.3d 1287 (9th Cir. 2015), and agrees to pay the victims the full amount of their losses as ordered by the court and as a proximate result of the defendant's conduct as charged in the indictment. Defendant agrees that the mandatory restitution applies to those victims affected by the charges as set forth in the indictment, including those counts being dismissed as part of the plea agreement and regardless of whether or not the victims are included in the factual basis.

(l) The defendant acknowledges that he has been advised, and he understands, that under the Sex Offender Registration and Notification Act, a federal law, that he must register and keep his registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an

5

employee or student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or student not later than three business days after any change in name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

(m)   Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253. Those assets include, but are not limited to, the following:

1) iPhone 5 cellular phone, seized from defendant by law enforcement on or about December 19, 2017;

2) Western Digital Hard Drive (1TB), seized from defendant by law enforcement on or about December 19, 2017; and

3) SD cards, compact discs, hard drives, or other electronic storage devices containing visual depictions of minors engaged in sexually explicit conduct and seized from defendant by law enforcement on or about December 19, 2017.

Defendant agrees that the above assets constitute property items which contain visual depictions mailed, shipped, or transported in violation of 18 U.S.C. § 2252(a)(2) or was used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violation, all in violation of 18 U.S.C. § 2253.

Defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. Defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

Defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant waives oral pronouncement of forfeiture at the time of sentencing and any defects in such pronouncement that pertain to forfeiture, and waives any defenses to forfeiture, including any

defense predicated on the Ex Post Facto, Double Jeopardy, and Excessive Fines Clauses of the United States Constitution. The defendant knowingly and voluntarily waives any right to a jury trial in any criminal or civil forfeiture proceeding.

(n) The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within three (3) weeks from defense counsel's receipt of these documents after the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's Office within the allotted time, he will be considered in violation of the agreement.

(o) ~~The defendant agrees that he will be remanded into custody at the conclusion of his change of plea hearing.~~ JKEV

4. Agreements by the Government.

(a) The government maintains that, pursuant the Section 2G2.2 of the 2018 edition of the United States Sentencing Guidelines, the base offense level for his crime is twenty-two (22) under USSG § 2G2.2(a)(2); plus two (2) levels for receiving and distributing sexually explicit images of prepubescent minors and/or children under twelve (12) years of age (§2G2.2(b)(2)); plus two (2) levels because the defendant knowingly engaged in distribution (§ 2G2.2(b)(3)(F)); plus four (4) levels for receiving and distributing sexually explicit images of minors that involve the portrayal of sadistic, masochistic or other depictions of violence (§2G2.2(b)(4)); plus two (2) levels because the offense involved the use of a computer (§ 2G2.2(b)(6)); plus five (5) levels for receiving and distributing 600 or more images (§ 2G2.2(b)(7)(D), for an aggregate offense level of thirty-seven (37).

(b) The government will recommend a three-level reduction in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

(c) The government will move to dismiss Count Two of the indictment in this case if the defendant is sentenced under the terms of this plea agreement.

7

1      (d)    The government agrees to a term of supervised release of one hundred-twenty (120) months.

    (e)    The defendant acknowledges and understands that the government makes no representations or promises to him regarding his criminal history level as determined by Chapter Four of the Sentencing Guidelines and defendant understands that the government is free to comment and make recommendations to the court regarding this matter. Additionally, the government makes no representations to defendant other than those contained within this plea agreement.

5. Factual Basis.

The defendant will plead guilty because he is in fact guilty of the crime set forth within Count One the Indictment. Defendant also agrees that the following are the facts of this case regarding these counts, although he acknowledges that, as to other facts, the parties may disagree:

> Defendant, from approximately April 2014 through approximately December 2017, in Stanislaus County, within the State and Eastern District of California and elsewhere, did knowingly receive and distribute one or more matters which contained any visual depiction of a minor engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, and was of such conduct, and had been produced using materials which had been mailed, shipped, or transported in interstate or foreign commerce. Specifically, the defendant received and distributed on an iPhone 5 cellular phone, which was manufactured in China and therefore traveled in foreign commerce, at least one image file which contained a visual depiction, the producing of which involved the use of a minor engaged in sexually explicit conduct and was of such conduct, and which had traveled in interstate commerce, all in violation of Title 18, United States Code, Section 2252(a)(2). Defendant received and distributed 600 or more images of material depicting minors engaged in sexually explicit conduct, and these images included depictions of pre-pubescent minors engaged in sado-masochistic conduct.

6. Potential Penalties.

Defendant understands that because the count to which he is pleading guilty occurred after November 1, 1987, the court will be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission. The following are the potential penalties that the defendant faces:

///

///

///


**Count One:** Receipt and Distribution of Material Involving the Sexual Exploitation of Minors (18 U.S.C. § 2252(a)(2)):

(a) Imprisonment.

    Minimum (Mandatory): Five (5) years.
    Maximum: Twenty (20) years.

(b) Fine.

    Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c) Both such fine and imprisonment.

(d) Term of Supervised Release.

    Minimum: Five Years.
    Maximum: Lifetime (18 U.S.C. 3583(k))

(Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court or five years, whichever is less.)

(e) Penalty Assessment:

    Mandatory: Five Thousand, One Hundred Dollars ($5,100) (18 U.S.C. 3014).

7. <u>Waiver of Rights</u>.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. In order for the trial to be conducted by a judge sitting without a jury, however, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say regarding who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent

and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    (c)    If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

    (d)    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

    (e)    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

8. **Questions by Court.**

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9. **Entire Agreement.**

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

///

///

10. Court not a Party.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 6. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment.

11. Presentence Report.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background. It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

Dated: 10-24-22

PHILLIP A. TALBERT
United States Attorney

By: /s/ Brian W. Enos
BRIAN W. ENOS
Assistant United States Attorney

Dated: 10/21/22

/s/ Jerrid Kunkel
JERRID NIKOLAS KUNKEL
Defendant

Dated: 10/21/22

/s/ Eric Kersten
ERIC V. KERSTEN, Esq.
Attorney for Defendant

11